**Marlin J. DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–96–00720–CR.**

Court of Appeals of Texas,
San Antonio.

June 25, 1997.

Opinion Dissenting on Reconsideration
Sept. 17, 1997.

Ernie Glenn, San Antonio, for appellant.

Edward F. Shaughnessy, III, Assistant Criminal District Attorney, San Antonio, for appellee.

Before RICKHOFF, LOPEZ and ANGELINI, JJ.

ANGELINI, Justice.

Appellant, Marlin J. Davis ("Davis"), appeals his conviction for aggravated assault. In two points of error, Davis contends the trial court erred by: (1) admitting the testi-

mony of the victim of a prior crime for which Davis was serving deferred adjudication probation; and (2) failing to instruct the jury on Davis's "right to continue shooting." Because we conclude the trial court erred in admitting the testimony of the victim of the prior crime for which Davis was serving deferred adjudication probation, we reverse the punishment portion of the trial court's judgment and remand the cause for a new punishment hearing.

Davis was indicted for the offense of aggravated assault alleged to have occurred on November 25, 1994. Davis previously had been placed on deferred adjudication probation for aggravated robbery with a deadly weapon. During the punishment phase of Davis's trial for the aggravated assault charge, the State called the victim of the aggravated robbery offense to testify.

Davis objected to the testimony arguing that article 42.12, section 5(c)(1) of the Texas Code of Criminal Procedure (the "Code") only permitted the State to introduce the fact that Davis had received community supervision with a deferred adjudication of guilt and not the details of the underlying offense. The State countered by asserting that the details were admissible under article 37.07, section 3(a) of the Code. The trial court overruled the objection, and the victim's testimony was admitted.

In his brief, Davis contends the trial court erred in allowing the victim's testimony because article 42.12, section 5(c)(1) is a specific statute that controls over the more general article 37.07, section 3(a). Since the offense for which Davis was on trial occurred in 1994, the amended version of article 37.07, section 3(a) is applicable,[1] which provides in pertinent part as follows:

Sec. 3. Evidence of prior criminal record in all criminal cases after a finding of guilty. (a) Regardless of the plea and whether the punishment be assessed by

---

1. Prior to 1993, the type of evidence admissible during the punishment phase of a trial was more greatly restricted. *See* Act of May 28, 1989, 71st Leg., R.S., ch. 785, § 4.04, 1989 Tex. Gen. Laws 3471, 3492, *amended by*, Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 5.05, 1993 Tex. Gen. Laws 3586, 3759 (current version at TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (Vernon Supp. 1997)); *see also Grunsfeld v. State,* 843 S.W.2d 521 (Tex.Crim.App.1992). The amended version of the statute applies to offenses committed after September 1, 1993. TEX.CODE CRIM. PROC. ANN. art. 37.07 historical note (Vernon Supp.1997) [Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 5.05, 1993 Tex. Gen. Laws 3586, 3759].

the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

Under this amended or "new" version of article 37.07, section 3(a), witnesses may testify regarding the facts of prior offenses. *See Standerford v. State*, 928 S.W.2d 688, 692–93 (Tex.App.—Fort Worth 1996, no pet.)(admitting testimony of four witnesses regarding details of previous DWI convictions); *Yates v. State*, 917 S.W.2d 915, 921 (Tex.App.—Corpus Christi 1996, pet. ref'd)(evidence regarding details of a prior offense and of a completed deferred adjudication not objectionable under amended version of statute); *see also Cox v. State*, 931 S.W.2d 349, 355–357 (Tex.App.—Fort Worth 1996, pet. granted)(admitting testimony regarding facts of prior bad act). Such testimony is now permissible because the amended statute allows the introduction of "any other evidence of an extraneous crime." Tex.Code Crim. Proc. Ann. art. 37.07, § 3(a) (Vernon Supp.1997); *see generally* Terri Moore & Edward L.Wilkinson, *Punishment Evidence, in* State Bar of Texas Prof. Dev. Program, 22 Advanced Criminal Law Course H, H–10 (1996).

According to Davis, however, testimony regarding the details or facts of an offense for which deferred adjudication has been granted is not admissible because article 37.07, section 3(a), is limited by article 42.12, section 5(c)(1), which provides as follows:

On expiration of a community supervision period imposed under Subsection (a) of this section, if the judge has not proceeded to adjudication of guilt, the judge shall dismiss the proceedings against the defendant and discharge him.... A dismissal and discharge under this section may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense, except that:

(1) upon conviction of a subsequent offense, the fact that the defendant had previously received community supervision with a deferred adjudication of guilt shall be admissible before the court or jury to be considered on the issue of penalty;

Under the language of this specific statutory provision, Davis argues that the State is limited to introducing the fact of the deferred adjudication rather than the details of the underlying offense.

The State counters that Davis's argument must fail for two reasons. First, the State asserts that article 42.12, section 5(c)(1) is only applicable where the defendant has successfully completed the term of community supervision imposed as a condition of deferred adjudication. Second, the State contends that the express language of article 37.07, section 3(a) unambiguously permits the introduction of the facts of an extraneous crime, "regardless of whether [the defendant] has ... been ... finally convicted of the crime." To hold otherwise, the State concludes would produce the absurd result of excluding the details of a prior offense committed by a defendant who previously has pled guilty and received deferred adjudication while allowing such details if the offense was committed by a person who has yet to be charged with the offense.

Although we acknowledge the apparent inconsistency in the result asserted by Davis with respect to the admissibility of evidence against a defendant placed on deferred adjudication probation and one yet to be charged with an offense, allowing the details of the offense to be admitted will also produce a disturbing result. Such an interpretation would result in the admission of the details of an offense for which deferred adjudication has been granted but community service has not been completed while excluding such details if community service is complete.

In *Taylor v. State*, the Fort Worth court was faced with an analogous situation. 911 S.W.2d 906 (Tex.App.—Fort Worth 1995, pet. ref'd). ' The issue in that case was whether appellant's deferred adjudication was admissible as evidence in a subsequent trial where an appeal was pending in the deferred adjudication case. *Id.* at 908. In assessing the State's argument, the court noted:

> In response, the State, albeit without supporting case law, makes a compelling argument that the outcome occasioned by appellant's argument is "ludicrous." The State correctly points out that if a defendant is placed on deferred adjudication and successfully lives out the conditions of his probation, then evidence of that deferred adjudication would be admissible in a subsequent trial for another offense. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(c)(1) (Vernon Supp.1995). Likewise, a defendant unsuccessful in living out the conditions of deferred adjudication status would be vulnerable to a revelation of the fact at a subsequent trial. *Id.; see also Brown v. State*, 716 S.W.2d 939, 949 (Tex.Crim.App. 1986). *Finally, a defendant presently serving out the conditions of an unexpired deferred adjudication sentence would be subject to the provisions of article 37.07, section 3(a)*. The only time, according to appellant's argument, that evidence of a defendant's prior deferred adjudication status would not be admissible at a subsequent trial would be in the limited instance where, as in the instant case, an appeal from the adjudication was pending at the time of trial.

911 S.W.2d at 909 (emphasis added). The Fort Worth court then held that the evidence of deferred adjudication, pending appeal, was inadmissible despite the State's compelling argument. *Id.* at 910.

Although the emphasized language from the *Taylor* opinion appears to recognize that a defendant serving out the conditions of an unexpired deferred adjudication sentence is subject to the provisions of article 37.07, section 3(a), rather than the provisions of article 42.12, section 5(c)(1), this language is dicta, and the court may not have fully considered the argument presented in the in-

stant case when reciting the state's argument in *Taylor*. Therefore, we do not find this language particularly convincing.

In *Brown v. State*, the Court of Criminal Appeals originally held that an order of deferred adjudication of guilt was admissible at the penalty stage of a bifurcated trial where the defendant was still serving the deferred adjudication probation. 716 S.W.2d 939, 949–950 (Tex.Crim.App.1986). The Court asserted that "[i]t would be illogical to say that an order of deferred adjudication is admissible even if the defendant successfully completes 'probation,' but not if he is still serving his 'probation' under the deferred adjudication procedure." *Id.* at 949.

In reaching its holding in *Brown*, the Court of Criminal Appeals noted that article 37.07 and article 42.12, section 3d(c), which has been amended and placed in section 5(c)(1), both relate to the admissibility of evidence at the punishment stage of a trial. *Id.* at 950. Thus, the Court stated that the statutes are in pari materia, requiring them to be read and construed together and, to the extent possible, harmonized so they can "stand together and have concurrent efficacy." *Id.* at 949–950. The Court further stated that in such situations, "the special statute governs the general in the event of any conflict." *Id.* at 949. By then holding that the order of deferred adjudication was admissible, the Court implied that article 42.12, section 3d(c), as the specific statute, would govern over article 37.07. *Id.* at 950. It is important to note that the Court was considering the earlier version of article 37.07, under which a deferred adjudication order was inadmissible. *Id.* at 948.

This court has also previously held that article 37.07, section 3(a) contains the general rule while article 42.12, section 3d(c) (now section 5(c)(1)) is a specific provision governing deferred adjudication orders. *Araiza v. State*, 929 S.W.2d 552, 555 (Tex.App.—San Antonio 1996, pet. ref'd). In *Araiza*, we considered whether the trial court erred in admitting evidence that the appellant was on deferred adjudication at the punishment phase of the trial. 929 S.W.2d at 554. In holding that the trial court did not err in admitting the evidence of the deferred adju-

dication order, we applied article 42.12, section 3d(c) to a case in which the appellant was still serving deferred adjudication probation. Had we applied the older version of article 37.07, section 3(a), which was applicable in that case, the evidence would have been inadmissible.

■ Despite the perceived inconsistency that may result, we believe it would be more illogical to apply article 37.07, section 3(a) and find the trial court did not err in admitting the victim's testimony in the instant case. To so hold would result in our applying article 37.07, section 3(a) in a situation we previously held to be governed by article 42.12, section 3d(c) (now section 5(c)(1)). Therefore, in keeping with the precedent established in *Araiza*, we conclude that the trial court erred in admitting the testimony of the victim of the offense for which Davis was serving deferred adjudication probation. Since the State is limited to presenting the fact of the deferred adjudication upon successful completion of the deferred adjudication probation, we hold the State is similarly limited in its presentation of evidence regarding a pending deferred adjudication.

■ Having determined that the trial court erred in admitting the evidence, we must reverse the judgment unless we determine beyond a reasonable doubt that the error made no contribution to the punishment. Tex.R.App. P. 81(b)(2). The victim of the prior offense testified that she was approached by Davis in a parking lot where she was accompanied by her twelve-year-old son, who was three feet away from her when Davis grabbed her purse and told her he had a gun. The State argued in its closing statement that Davis did not deserve probation when he was already on probation "for taking a gun, sticking it in a woman's face with her 12–year–old son there and robbing her at gunpoint." The maximum sentence that could be imposed for the offense was twenty years; Davis was sentenced to thirteen. We cannot conclude that hearing the details of the offense had the same impact on the jury as would merely being told Davis was on deferred adjudication for aggravated robbery with a deadly weapon, particularly in view of the State's closing argument. Therefore, we

hold that the error in admitting the victim's testimony resulted in harm. Davis's first point of error is sustained.

■ In his second point of error, Davis contends the trial court erred in denying his requested instruction on his "right to continue shooting." Davis relies upon *Smith v. State*, 411 S.W.2d 548 (Tex.Crim.App.1967), to support this assertion. However, the reasoning in *Smith* was limited by the Texas Court of Criminal Appeals in a more recent case, wherein the court indicated that *Smith* was only applicable to cases decided under the 1925 Penal Code. *See Philen v. State*, 683 S.W.2d 440, 444–45 (Tex.Crim.App.1984). This limitation was previously recognized by this court in *Cisneros v. State*, 747 S.W.2d 946, 949 (Tex.App.—San Antonio 1988, pet ref'd). Although Davis failed to present this court with his requested charge, thereby waiving any error with respect to the trial court's exclusion of the instruction, Davis's reliance on *Smith* to support his contention that such an instruction should be given is misplaced in view of *Philen* and *Cisneros*. Davis's second point of error is overruled.

Because we hold the trial court erred in admitting the details of a prior offense for which Davis was serving deferred adjudication probation during the punishment phase of Davis's trial, we affirm the guilt portion of the judgment, reverse the punishment portion, and remand the cause for a new punishment hearing.

RICKHOFF, Justice, dissenting on state's petition for discretionary review.

The decision in this case should be modified to hold that the trial court did *not* err by admitting, in the punishment phase of Davis's trial, the details of a prior offense for which Davis was serving deferred adjudication probation. As currently written, the opinion acknowledges that it is difficult to reconcile article 42.12, section 5(c), with article 37.07, section 3(a). Both Davis's and the State's interpretations of the statutes produce inconsistent, and seemingly illogical, results. Confronted with a choice between the two illogical results, the opinion adopts Davis's interpretation and holds that the de-

tails of a prior offense for which he was serving deferred adjudication probation were inadmissible in the punishment phase of his trial. Upon reconsideration, I believe the better approach would be to hold that the details of the prior offense were admissible.

The cases cited as support for the opinion's holding were based on the old, unamended version of article 37.07, section 3(a). *See Brown v. State,* 716 S.W.2d 939 (Tex.Crim. App.1986); *Araiza v. State,* 929 S.W.2d 552 (Tex.App.—San Antonio 1996, pet. ref'd). By amending that statute, the legislature expressed its confidence in the jury's ability to weigh relevant information regarding a defendant's criminal background. As I have previously noted, "we ask jurors to resolve life's most difficult issues in criminal cases." *H.E. Butt Grocery Co. v. Bilotto,* 928 S.W.2d 197, 204 (Tex.App.—San Antonio 1996, writ granted) (Rickhoff, J., dissenting); *see also Martin v. Texas Dental Plans, Inc.,* 948 S.W.2d 799 (Tex.App.—San Antonio, 1997, writ denied) (Rickhoff, J., concurring). To assist in resolving these issues, the jury should be allowed to consider, in the punishment phase of trial, the details of a prior offense for which the defendant is serving deferred adjudication probation. *Cf. H.E. Butt Grocery Co.,* 928 S.W.2d at 204 (advocating that jurors be told the effect of their answers in civil cases).