Marlin J. DAVIS, Appellant,

v.

The STATE of Texas.

No. 1252–97.

Court of Criminal Appeals of Texas, En Banc.

June 10, 1998.

---

1. At the time the Court of Appeals handed down its opinion, it did not have the benefit of our decision in *McCullough*.

Ernie L. Glenn, San Antonio, for appellant.

Edward F. Shaughnessy, III, Asst. District Attorney, San Antonio, for State

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

WOMACK, Judge, delivered the unanimous opinion of the Court.

The question in this case is whether, in the penalty phase of a criminal trial, the parties are limited to introducing the fact of a deferred adjudication, but not the details of the underlying offense. We hold that they are not so limited.

Deferred adjudication is a type of community supervision (*née* probation). The procedures for deferred adjudication are set out in Code of Criminal Procedure Article 42.12, Section 5. For most offenses,[1] a judge may grant deferred adjudication by making certain findings after a defendant pleads guilty or nolo contendere. *See id.,* § 5(a). The court defers further proceedings, and places the defendant on community supervision without entering an adjudication of guilt. *See ibid.* If the defendant violates a condition of community supervision, the court may proceed to adjudicate guilt and

---

1. Deferred adjudication may not be granted to a defendant who is charged with an offense of driving, flying, or boating while intoxicated, an offense of intoxication assault or intoxication manslaughter, or certain subsequent offenses under the drug-free zones statute. *See id.,* § 5(d)(1). Deferred adjudication may not be granted if (1) the offense is indecency with a child, sexual assault, aggravated sexual assault, sexual performance by a child, possession or promotion of child pornography, prohibited sexual conduct, aggravated kidnapping with intent to violate or abuse the victim sexually, or burglary of a habitation with intent to commit a felony other than theft, and (2) the defendant has previously been placed on community supervision for any of those offenses. *See id.,* § 5(d)(2).

assess punishment. *See id.,* § 5(b). A defendant reaps the main benefit of deferred adjudication if the period of community supervision is successfully completed without the judge's proceeding to adjudicate guilt. Then the proceedings are dismissed, the defendant is discharged, and the defendant "may not be deemed [to have] a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense." *Id.,* § 5(c). A defendant who has been discharged from deferred adjudication community supervision is immediately eligible to serve on a jury,[2] to vote,[3] and to be recommended for probation by a jury after a finding of guilty at a subsequent trial.[4]

There are some exceptions to the record-cleansing effect of a discharge after deferred adjudication, one of which is stated in Article 42.12, Section 5(c)(1):

> For any defendant who receives a dismissal and discharge under this section:
>
> (1) upon conviction of a subsequent offense, the fact that the defendant has previously received community supervision with a deferred adjudication of guilt shall be admissible before the court or jury to be considered on the issue of penalty; . . . .

By its terms, Section 5(c)(1) applies only when there has been a dismissal and discharge after the period of deferred adjudication community supervision had expired. We have previously considered whether, when a defendant's period of community supervision has not expired, the fact that a defendant had previously received deferred adjudication may be proved in a punishment hearing. We held that evidence of the fact that the defendant had previously received deferred adjudication was admissible under Code of Criminal Procedure Article 37.07, Section 3(a), the general statute for the admissibility of evidence at non-capital punishment hearings. *Brown v. State,* 716 S.W.2d 939, 948–50 (Tex. Cr.App.1986). In this case we shall follow *Brown* and hold that evidence of the underlying offense is admissible under Article 37.07, Section 3(a).

The appellant was convicted on August 22, 1996 for an offense of aggravated assault which he committed on November 25, 1994. The next day, a punishment hearing was conducted. At this hearing, the State sought to introduce evidence that the appellant was placed on deferred adjudication on December 13, 1993 after pleading no contest to the offense of aggravated robbery with a deadly weapon. The second witness the State called was the victim of that robbery. The appellant objected to her testimony, and after hearing arguments from each side, the trial judge allowed the victim to testify to the details of the robbery. The jury sentenced the appellant to thirteen years' confinement.

The Fourth Court of Appeals upheld the conviction, but reversed and remanded the punishment portion of the judgment. A divided panel of the Court of Appeals held that, under Texas Code of Criminal Procedure Article 42.12, Section 5(c)(1), the trial court erred in admitting the victim's testimony. *See Davis v. State,* 952 S.W.2d 20, 24 (Tex.App.—San Antonio 1997). The State petitioned to this Court, and we granted discretionary review to examine the issue.

The Court of Appeals reasoned in this fashion: Section 5(c)(1) of Article 42.12 permits the State to introduce only the fact that Davis received a deferred adjudication, and not the details of the underlying offense. *See Davis,* 952 S.W.2d at 24. Therefore Section 5(c)(1) conflicts with Article 37.07, Section 3(a), which states the general rule for the admission of evidence at the punishment hearing of a non-capital trial. *Id.* at 23–24. Since the rule of construction mentioned in *Brown v. State, supra,* is that the special statute governs in the event of conflict, Section 5(c)(1) governs, and it does not permit proof of anything other than the fact that Davis received a deferred adjudication. *Ibid.* We think the Court of Appeals erred in its interpretation of Section 5(c)(1) and in its holding that Section 5(c)(1) would prevail in the event of conflict between statutes.

2. *Cf. Payton v. State,* 572 S.W.2d 677 (Tex.Cr. App.1978).

3. *See* Tex. Elec.Code § 11.002(4).

4. *See* Tex.Code Crim. Pro. art. 42.12, § 4(e).

Although the Court of Appeals considered at length the question of which of the two "conflicting" statutes should apply, its opinion contains neither authority nor reason for holding that Article 42.12, Section 5(c)(1) allows only the fact of deferred adjudication and not other evidence. The only language in Section 5(c) that could be read to affirmatively exclude evidence is, "[A] dismissal and discharge under this section may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for the conviction of an offense." Assuming that this language applies to a defendant who has not received a dismissal and discharge, we do not think that the introduction of the evidence about the appellant's previous offense was an imposition of a legal disqualification or disability. The distinction between legal disabilities which flow from conviction and admissibility of evidence about those convictions is clear from our decision that evidence of conviction is admissible despite a pardon that relieved the defendant from legal disqualifications and disabilities. See *Watkins v. State*, 572 S.W.2d 339 (Tex.Cr.App. 1978). *Cf. Jones v. State*, 141 Tex.Crim. 70, 147 S.W.2d 508 (1941) (executive pardon for reason other than innocence does not prevent use of conviction to enhance punishment).

It seems more likely that the Court of Appeals accepted the appellant's assertion that Section 5(c)(1) "does not permit proof beyond the fact of the deferred adjudication,"[5] seeming to argue that the authorization of evidence about the fact of deferred adjudication was, by negative implication, an exclusion of any other evidence. Our consideration of the historical context of Section 5(c)(1) convinces us that such an inference should not be made.

When the deferred adjudication statute was enacted in 1975,[6] the general statute for the admissibility of evidence at the punishment hearing permitted only evidence of a defendant's prior criminal record, general reputation, and character.[7] The statute defined "prior criminal record" as "a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged."[8] Deferred adjudication cannot be a "final conviction," because there has been no judgment of guilt. And strictly speaking, it is not a "probated or suspended sentence" because there has not been a sentence. *See Brown v. State*, 716 S.W.2d 939, 949 n. 5 (Tex.Cr.App.1986). The language in Section 5(c)(1) was inserted to make clear the admissibility of the fact that a defendant had previously received deferred adjudication probation.

When Section 5(c)(1) was enacted there was no possibility that a party could introduce other evidence about an offense which underlay a final conviction or a probated sentence.[9] The evidence that is at issue in this case would not have been admissible in 1975.

Therefore we do not find, on the face of the statute or by inference from its history, any indication that it excludes evidence of the details of offenses for which a defendant previously received deferred adjudication, or indeed that it excludes any evidence.

Nor do we find any conflict between Article 42.12, Section 5(c)(1) and the general statute, Article 37.07, Section 3(a), which reads, in pertinent part:

---

**5.** Brief for Appellant (in Court of Appeals) at 5.

**6.** The original version of what is now Section 5(c)(1) read:

> A dismissal and discharge under this section may not be deemed a conviction for purposes of disqualifications or disabilities imposed by law for conviction of an offense, except that upon conviction of a subsequent offense, the fact that the defendant had previously received probation shall be admissible before the court or jury to be considered on the issue of penalty.

Act of May 2, 1975, 64th Leg., R.S., ch. 231, § 1, 1975 Tex. Gen. Laws 573.

**7.** Act of May 19, 1967, 60th Leg., R.S., ch. 659, § 22, 1967 Tex. Gen. Laws 1740.

**8.** *Id.*

**9.** "The statute does not permit the State to show the details of the offenses resulting in such convictions...." *Mullins v. State*, 492 S.W.2d 277, 279 (Tex.Cr.App.1973). Nor did it permit the defendant to do so. *Hodge v. State*, 631 S.W.2d 754, 759 (Tex.Cr.App.1982).

Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

 While it was correct for the Court of Appeals to say that when two statutes conflict, "the special statute governs the general in the event of any conflict,"[10] the primary rule is, "Statutes *in pari materia* are to be taken, read and construed together, and effort should be made to harmonize, if possible so that they can stand together and have concurrent efficacy." *Brown v. State,* 716 S.W.2d at 949. *See also* Code Construction Act, Texas Government Code § 311.026:

(a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.

(b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.

Since, as we have said, we hold that Article 42.12, Section 5(c)(1) does not exclude evidence, it does not conflict with Article 37.07, Section 3(a). Our construction easily harmonizes the statutes.

But if there were a conflict between these statutes, Article 37.07, Section 3(a) would prevail because it is the later enactment and there is manifest intent that evidence of details of offenses be admissible. "In other words, the later-enacted amendment in article 37.07 should be understood to be a pro tanto repeal of prior evidentiary restrictions based on article 42.12." George E. Dix & Robert O. Dawson, 42 *Texas Practice— Criminal Practice and Procedure* § 38.34 (Supp.1998). As amended in 1993, Article 37.07, Section 3(a) makes admissible, in addition to the defendant's criminal record, *"any other evidence of an extraneous crime*...that is shown beyond a reasonable doubt by evidence to have been committed by the defendant...*regardless of whether he has previously been...finally convicted of the crime....*"[11] This is a clear expression of legislative intent that the fact finder have, in addition to judicial records, any other evidence of a defendant's crimes, regardless of whether or not the defendant has been convicted. This language certainly includes other evidence of crimes to which a defendant had pleaded guilty or nolo contendere and for which the defendant had received deferred adjudication community supervision. Specifically in this case, it makes admissible Ms. Winkler's testimony about the appellant's robbing her.

 In construing this statute, we are mindful of the larger purpose of the bifurcated trial procedure which is authorized by Article 37.07, Sections 2 and 3.

Such procedure was obviously designed to take the blindfolds off the judge or jury when it came to assessing punishment. It authorized the introduction of evidence on punishment not heretofore held to be generally admissible. It did, however, limit such introduction to the penalty stage to prevent the accused from being tried as a criminal generally prior to the determination of the issue of guilt. It thus allowed evidence critical to an enlightened determination of punishment but avoided the possibility of prejudice on the issue of guilt.

---

10. *Davis v. State,* 952 S.W.2d at 23, *quoting Brown v. State,* 716 S.W.2d at 949.

11. Act of May 26, 1993, 73rd Leg., R.S., ch. 900, § 5.05, 1993 Tex. Gen Laws 3759 (emphasis added).

*Brumfield v. State*, 445 S.W.2d 732 (Tex.Cr. App.1969). It is just as, if not more, important for the jury to take into consideration when assessing punishment a deferred adjudication to which the defendant had previously pleaded guilty or nolo contendere, as it is for the jury to consider a bad act with which he has not even been formally charged.

Here, both Article 42.12, Section 5(c)(1) and Article 37.07, Section 3(a) can be made to harmonize. Article 42.12 states that the fact that a defendant has received a deferred adjudication may be admissible during the penalty phase of the trial. Article 37.07 allows the details of any bad act to be considered during sentencing. Reading them together, we interpret the two statutes to allow the underlying facts of a previous deferred adjudication during the penalty phase of a subsequent offense. The same legislative intent shown in article 37.07, section 3(a)—specifically, to allow the jury to consider the details of the defendant's criminal history when assessing punishment— would apply to the underlying facts of a deferred adjudication.

Therefore we hold that evidence of an offense for which a defendant received deferred adjudication is admissible during the punishment hearing at a trial for another offense.

The judgment of the Court of Appeals is reversed and the judgment of the district court is affirmed.