OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



March 17, 2000

Mr. Tom Harrison
Executive Director
Texas Ethics Commission
201 East 14th
Sam Houston Building, 10th Floor
Austin, Texas 78701

Opinion No. JC-0198

Re: Whether section 254.0401(e) of the Election Code precludes the Texas Ethics Commission from making certain contributor address information available on computer diskettes (RQ-0155-JC)

Dear Mr. Harrison:

On behalf of the Texas Ethics Commission (the "Commission"), you ask whether a recently enacted provision, subsection (e) of section 254.0401 of the Election Code, precludes the Commission from making certain contributor address information available on computer diskettes. This provision prohibits the Commission from making certain contributor address information available on the Internet and also states that, while the information must remain available on the report maintained at the Commission's office, it "*may not be available electronically at that office.*" TEX. ELEC. CODE ANN. § 254.0401(e) (Vernon Supp. 2000) (emphasis added). Construing this language by reference to section 254.0402(b), which was enacted in the same legislation and requires the Commission to make report information available by "electronic means," we conclude that the language at issue precludes the Commission from making the address information available by any electronic means, including computer diskette, as well as computer terminals at the Commission's office and computer modem.

We begin with a brief review of the statutory framework. Subchapter B of chapter 254 of the Election Code requires candidates for office and officeholders, as well as certain other persons and entities, to file with the Commission reports containing information about political contributions and expenditures, including "the amount of political contributions from each person . . . , the full name and address of the person making the contributions, and the dates of the contributions." *Id.* § 254.031(a)(1); *see also id.* §§ 254.001 (establishing who must maintain record of all reportable activity), 254.031 (listing information that reports must contain), 254.0311 (requiring legislative caucus to file report), 254.036 (establishing requirements for filing reports with the Commission). In the last legislative session, the Seventy-sixth Legislature extensively amended subchapter B in

House Bill 2611 to provide for electronic filing of and access to these reports.[1]  As a bill analysis explains:

> Prior to the 76th Texas Legislature, paper reports could be filed with the Ethics Commission.  Interested parties could only access the reports by traveling to the Ethics Commission office in Austin.  H.B. 2611 requires candidates and officeholders to file reports with the Ethics Commission electronically rather than on paper.  H.B. 2611 requires the Ethics Commission to post electronically filed reports on the Internet, thereby making them accessible to all interested parties without unusual expense.

HOUSE COMM. ON ELECTIONS, BILL ANALYSIS, Tex. H.B. 2611, 76th Leg., R.S. (Aug. 2, 1999); *see also* SENATE COMM. ON STATE AFFAIRS, BILL ANALYSIS, Tex. H.B. 2611, 76th Leg., R.S. (May 13, 1999), HOUSE COMM. ON ELECTIONS, BILL ANALYSIS, Tex. H.B. 2611, 76th Leg., R.S. (Apr. 23, 1999), HOUSE COMM. ON ELECTIONS, BILL ANALYSIS, Tex. H.B. 2611, 76th Leg., R.S. (Mar. 29, 1999).

With certain exceptions, section 254.036 of the Election Code now requires candidates, officeholders, and political committees to file political contribution and expenditure reports "by computer diskette, modem, or other means of electronic transfer." TEX. ELEC. CODE ANN. § 254.036(b) (Vernon Supp. 2000).  Sections 254.0401 and 254.0402, both of which were added to the Election Code by House Bill 2611,[2] require the Commission to make these electronically filed reports available to the public.  Section 254.0401 provides as follows:

**Section 254.0401 Availability of Electronic Reports on Internet**

> (a) Except as provided by Subsection (b), the commission shall make each report filed with the commission under Section 254.036(b) available to the public on the Internet not later than the second business day after the date the report is filed.

> (b) Except as otherwise provided by this subsection, the commission may not make a report filed with the commission under Section 254.036(b) for a reporting deadline by any candidate for a particular office or by a specific-purpose committee for supporting or opposing only one candidate for a particular office available to the public on the Internet until each candidate for that office and each specific-purpose committee for supporting or opposing only one

---

[1]*See* Act of May 30, 1999, 76th Leg., R.S., ch. 1434, §§ 1-4, 1999 Tex. Gen. Laws 4881, 4881-84.

[2]*See id.* § 3 at 4884.

candidate for that office, other than a candidate or committee to which Section 254.036(c) or (d) applies, has filed a report for that reporting deadline. Regardless of whether each candidate for a particular office and each specific-purpose committee for supporting or opposing only one candidate for that office has filed a report for a filing deadline, the commission shall make each report in connection with that office *available on the Internet and by any other electronic means* on:

> (1) the 21st day after the date of the filing deadline, for a report other than a report required to be filed under Section 254.064(c); or

> (2) the fourth day after the date of the filing deadline, for a report required to be filed under Section 254.064(c).

> (c) Subsection (b) does not apply to a report filed under Section 254.038.

> (d) *The access allowed by this section to reports is in addition to the public's access to the information through other electronic or print distribution of the information.*

> (e) Before making a report filed under Section 254.036(b) available on the Internet, the commission shall remove each portion, other than city, state, and zip code, of the address of a person listed as having made a political contribution to the person filing the report. *The address information removed must remain available on the report maintained in the commission's office but may not be available electronically at that office.*

*Id.* § 254.0401 (emphasis added).

Section 254.0402, which immediately follows section 254.0401 and charges the Commission with making information from these reports available by electronic means, provides:

**Section 254.0402 Public Inspection of Reports**

> (a) Notwithstanding Section 552.222(a), Government Code, the authority with whom a report is filed under this chapter may not require a person examining the report to provide any information or identification.

> (b) The commission shall make information from reports filed with the commission under Section 254.036(b) available by *electronic means*, including:
>
>> (1) providing access to computer terminals at the commission's office;
>>
>> (2) providing information on computer diskette for purchase at a reasonable cost; and
>>
>> (3) providing modem or other electronic access to the information.

*Id.* § 254.0402(b) (emphasis added).

As you note, subsection (a) of section 254.0401 requires the Commission to make reports filed with the Commission by electronic means available to the public on the Internet. *See id.* § 254.0401(a). Subsection (d) of section 254.0401 makes it clear that Internet access to the reports is in addition to the public's access " to the information through other electronic or print distribution of the information." *Id.* § 254.0401(d). Furthermore, section 254.0402 requires the Commission to make information from reports filed with the Commission under section 254.036(b) available by electronic means, including providing access to computer terminals at the Commission's office, providing information on computer diskette for purchase at a reasonable cost, and providing modem or other electronic access to the information. *See id.* § 254.0402(b).

While the provisions discussed above provide for extensive access to information in the reports, subsection (e) of section 254.0401 restricts access to a limited subset of information in these reports – namely certain contributor address information. It provides:

> Before making a report filed under Section 254.036(b) available on the Internet, the commission shall remove each portion, other than city, state, and zip code, of the address of a person listed as having made a political contribution to the person filing the report. The address information removed must remain available on the report maintained in the commission's office but may not be available electronically at that office.

*Id.* § 254.0401(e). The first sentence of subsection (e) clearly charges the Commission with removing a subset of contributor information, *i.e.*, each contributor's street or post office box address, before making a report available on the Internet. The first part of the second sentence clearly charges the Commission with making this address information available on the report maintained in the Commission's office. As you note, however, the meaning of second part of the second sentence of subsection (e) is less evident: "What is not clear is whether the contributor

addresses must be removed from those computer diskettes made available to the public. . . . Specifically, when the law provides that deleted address information 'may not be available electronically at [the commission's] office,' does this mean that the commission may not make contributor addresses available on diskettes provided by our office?" Letter from Mr. Tom Harrison, Executive Director, Texas Ethics Commission, to Honorable John Cornyn, Texas Attorney General, at 1-2 (Nov. 30, 1999) (on file with Opinion Committee). Thus, you ask whether subsection (e) precludes the Commission from providing the address information on computer diskettes, which the Commission is required to make available for purchase pursuant to section 254.0402(b)(2).

To answer your query regarding computer diskettes, this office must decipher the meaning of the phrase "may not be available electronically at that office," as the legislature has employed it in the final portion of subsection (e). Because the first sentence of subsection (e) limits access to address information on the Internet, this phrase must refer to electronic access other than Internet access. To construe the phrase as merely prohibiting Internet access would make it redundant of the first sentence and render it surplusage, contrary to the rule of statutory construction that every word of a statute must have some meaning. *See Chevron Corp. v. Redmon*, 745 S.W.2d 314, 316 (Tex. 1987) (Texas Supreme Court "will give effect to all the words of a statute and not treat any statutory language as surplusage if possible") (citing *Perkins v. State*, 367 S.W.2d 140 (Tex. 1963)); *Railroad Comm'n v. Olin Corp.*, 690 S.W.2d 628, 631 (Tex. App.–Austin 1985, writ ref'd n.r.e.) ("[E]very word . . . of a statute is presumed to be intentionally used with meaning and purpose."); *see also* TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 1998) (in enacting a statute, it is presumed that "the entire statute is intended to be effective").

Although the phrase "may not be available electronically at that office" is not defined nor is its meaning readily apparent from the face of section 254.0401, its meaning is evident in the larger context of chapter 254, subchapter B. A primary and principal rule of statutory construction is that legislative enactments involving the same general subject matter and also possessing the same general purpose or purposes are considered to be and are construed to be *in pari materia*. *See Garrett v. Mercantile Nat'l Bank*, 168 S.W.2d 636, 637 (Tex. 1943); *see also Calvert v. Fort Worth Nat'l Bank*, 356 S.W.2d 918, 921 (Tex. 1962). Sections 254.0401 and 254.0402 concern the same subject matter and were enacted by the same legislature as part of the same statutory scheme.[3] We believe they must be read *in pari materia*.

"Statutes in pari materia are to be taken, read and construed together, and effort should be made to harmonize, if possible so that they can stand together and have concurrent efficacy." *Davis v. State*, 968 S.W.2d 368, 372 (Tex. Crim. App. 1998) (en banc). As we have noted, section 254.0402(b) charges the Commission with making report information available by "electronic means," including:

> (1) providing access to computer terminals at the commission's office;

---

[3]*See supra* note 1.

> > (2) providing information on computer diskette for purchase at a reasonable cost; and

> > (3) providing modem or other electronic access to the information.

TEX. ELEC. CODE ANN. § 254.0402(b) (Vernon Supp. 2000). Construing subsection (e) of section 254.0401 together with section 254.0402, we believe that the language "available electronically at that office" in section 254.0401(e) must be construed by reference to the language in section 254.0402(b) requiring the Commission to make information from reports "available by electronic means." Accordingly, we conclude that the phrase "may not be available electronically at that office" in the last sentence of subsection (e) of section 254.0401 precludes the Commission from making address information available by computer terminals at the Commission's office, computer diskette, modem or other electronic access – or, in other words, by *any* electronic means.

This construction is supported not only by the similar origin and subject matter of sections 254.0401 and 254.0402, but also by their close proximity and the similarity of the words they employ. Furthermore, reading subsection (e) of section 254.0401 to refer to Internet access in the first sentence and all other electronic means of access in the second sentence is consistent with and supported by other subsections of section 254.0401 that refer separately to the Internet and other electronic means of communicating or transferring information to the public. *See id.* § 254.0401(b) (providing that the commission must make electronically filed reports "available on the Internet and by *any other electronic means*" by a date certain), (d) ("The access allowed by this section to reports [on the Internet] is in addition to the public's access to the information through *other electronic* or print distribution of the information.") (emphasis added); *see generally* TEX. GOV'T CODE ANN. § 311.011(b) (Vernon 1998) ("Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly.").

We acknowledge that this construction of section 254.0401(e) restricts electronic access to certain address information in political contribution and expenditure reports, information that is otherwise available to the public. We believe, however, that construing the statute to preclude the Commission from providing electronic access to this limited subset of contributor information is consistent with the legislative history, *see* Tex. Att'y Gen. Op. No. JC-0164 (1999) at 5 ("Where the language of a statute is ambiguous, we may consider the statute's legislative history."), which indicates that the purpose of subsection (e) was to protect the privacy and safety of contributors by preventing ready access to their street information on the Internet. *See Hearings on Tex. H. B. 2611 Before the House Comm. on Elections*, 76th Leg., R.S. (Apr. 21, 1999) (tape available from House Communications Video/Audio Dept.) ("[M]embers, I think we discussed how we felt this was necessary for a lot of women who are contributors who don't want their street addresses on the Internet and for grandmothers or for elderly citizens who don't wish, for security reasons, to have their specific street address on the Internet.") (statement of Representative Sherri Greenberg). Furthermore, as we have noted, the last part of subsection (e) indicates that the legislature's concern extended to electronic access to this information by means other than the Internet. *See* discussion

*supra* page 5. The legislative purpose of subsection (e) would be undermined by a construction that permitted the Commission to disseminate contributors' street addresses via the computer terminals at its office, on computer diskette, and by computer modem. *See* TEX. GOV'T CODE ANN. § 311.023(1), (2), (3), (5) (Vernon 1998) (in construing a statute, court may take into account object sought to be attained, circumstances under which statute was enacted, legislative history, and consequences of a particular construction). Finally, we note that nothing in chapter 254 requires the Commission to remove this address information from printed materials and that the information will be available in printed form, as provided by section 254.0401(d). *See* TEX. ELEC. CODE ANN. § 254.0401(d) (Vernon Supp. 2000) (providing that Internet access to reports "is in addition to the public's access to the information through other electronic or *print distribution* of the information") (emphasis added). Moreover, the remainder of the information in the reports, including the name, city, state, and zip code of each contributor, will be broadly available on the Internet, by other electronic means, and in written form. *See id.* §§ 254.0401(a), (d), (e); 254.0402.

In sum, the phrase "may not be available electronically at that office" in the last sentence of subsection (e) of section 254.0401 precludes the Commission from making contributor address information, other than city, state, and zip code, available by any electronic means, including computer terminals at the Commission's office, computer diskette, and modem. *See id.* § 254.0402(b). Thus, in answer to your question, the Commission may not make this address information available on computer diskettes.

## S U M M A R Y

Section 254.0401(e) of the Election Code precludes the Texas Ethics Commission from making contributor address information, other than city, state, and zip code, available by any electronic means, including computer diskettes.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee