

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00155-CR

---

JACOB LEE GAMBOA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 6706, Honorable Stuart Messer, Presiding[1]

---

December 3, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Pending before this Court is a motion to withdraw supported by a brief filed pursuant to *Anders v. California.*[2]  In July 2021, pursuant to a plea agreement, Appellant, Jacob Lee Gamboa, was placed on deferred adjudication for six years for the offense of aggravated assault with an affirmative finding on use of a deadly weapon, a baseball bat,

---

[1] Sitting by assignment.

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

and assessed a $4,000 fine.[3]  Three years later, the State moved to adjudicate guilt alleging Appellant violated numerous conditions of his community supervision.[4]  At a hearing on the State's motion, Appellant pled true to all of the allegations.  Following presentation of testimony, the trial court adjudicated him guilty of the original offense and sentenced him to confinement for fifteen years.

In support of her motion to withdraw, counsel certifies she has conducted a conscientious examination of the record, and in her opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction.  *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion.  *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978).  Counsel has demonstrated she has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief and record to Appellant, (2) notifying him of the right to file a pro se response if he desired to do so, and (3) informing him of the right to file a pro se petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408.[5]  By letter, this Court granted Appellant an opportunity to

---

[3] TEX. PENAL CODE § 22.02(a)(2).

[4] A motion to adjudicate guilt filed in 2022 was dismissed.

[5] Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review.  *Id.* at 408 n.22, 411.  The duty to send the client a copy of this Court's decision is an informational one, not a representational one.  It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw.  *Id.* at 411 n.33.

2

exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a response.

## ANALYSIS

By this *Anders* appeal, counsel evaluates the proceedings and candidly concedes the trial court did not abuse its discretion in adjudicating Appellant guilty and sentencing him to confinement for fifteen years. She concludes there are no nonfrivolous grounds to support an appeal.

We too have independently examined the record to determine whether there are any non-frivolous issues which might support this appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

## REFORMATION OF JUDGMENT

This Court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).

A defendant's sentence must be orally pronounced in open court. TEX. CODE CRIM. PROC. art. 42.03, § 1(a); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). A fine is part of the sentence and must be orally pronounced in the defendant's presence at the time of sentencing. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011).

When an accused is placed on deferred adjudication, no sentence is imposed. *Davis v. State*, 968 S.W.2d 368, 371 (Tex. Crim. App. 1998). If the trial court later adjudicates guilt, the order doing so sets aside the order of deferred adjudication, including any previously assessed fine. *Taylor*, 131 S.W.3d at 500.

In the underlying case, the order of deferred adjudication included a $4,000 fine. During sentencing at the adjudication hearing, the trial court did not orally pronounce the previously assessed fine. Thus, the fine cannot stand. The judgment adjudicating guilt is reformed to delete the $4000 fine.

## CONCLUSION

As reformed, the trial court's *Judgment Adjudicating Guilt* is affirmed and counsel's motion to withdraw is granted.

Alex Yarbrough
Justice

Do not publish.