**Kevin Leo LAURY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–01–00424–CR.**

Court of Appeals of Texas,
El Paso.

Feb. 13, 2003.

Deborah Farris, Dallas, for appellant.

William T. Hill, Dist. Atty., Matthew Robert Filpi, Asst. Dist. Atty., Dallas, for state.

Before Panel No. 5 McCLURE, CHEW, and WITTIG, JJ.

### OPINION

DON WITTIG, Justice (Assigned).

In two points of error, Appellant first complains of a fine not orally pronounced at his sentencing following his revocation hearing. The hearing concerned a 1995 deferred adjudication for retaliation. In his second point of error, he complains about a lack of factual sufficiency for a subsequent

2001 conviction for aggravated assault. Both matters were tried together to the trial court. We affirm.

## I.

In the earlier 1995 case,[1] Appellant pled guilty to the offence of retaliation. He received ten years' deferred adjudication, community supervision, and a $500 fine. The fine was not probated. In 2001, Appellant was charged with aggravated assault and the State moved to proceed with an adjudication of guilt on the 1995 offense. Appellant pled not true to the allegation in the motion to revoke. The trial court adjudicated him guilty and assessed ten years' confinement. The judgment adjudicating guilt in the retaliation case included a $500 fine that was not orally pronounced by the court at the adjudication hearing.

In the aggravated assault trial, Appellant pled not guilty. The trial court found Appellant guilty and assessed twenty years' confinement. The court also made a deadly weapon finding.

## II.

Because Appellant only challenges the imposition of the $500 fine on the deferred adjudication for retaliation, we deem further factual recitation immaterial. The background to the aggravated assault charge began in 1993. The Appellant involved himself in a long term, sometimes rocky relationship with the complainant. During the courtship, Appellant became jealous and sometimes violent. The relationship ended in September 1999. After little contact, Appellant showed up uninvited to complainant's grandfather's funeral in February 2000. Appellant continued to call complainant by telephone, up to and past the time of the shooting March 4, 2001.

On March 4, the complainant returned to her home with a friend at 1:25 a.m. Her sister's car blocked the driveway so complainant called to have the car moved. The complainant heard noises then saw Appellant standing near her car with a weapon. Appellant pointed the "gun" at complainant, fired twice, the second round striking her in the right thigh. Appellant continued to call and leave messages for complainant and sent her three letters from jail. Further factual recitation will accompany our factual sufficiency review.

## III.

In determining the factual sufficiency of the elements of an offense, the reviewing court " 'views all the evidence ... in a neutral light, and sets aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.' " *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App.2000) (citing and quoting *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App.1996)). The court reviews the evidence weighed by the jury that tends to prove the existence of the elemental fact in dispute and compares it with the evidence that tends to disprove that fact. *Id.* We are authorized to disagree with the fact finder's determination. *Id.* (citing *Clewis*, 922 S.W.2d at 133). This review, however, must employ appropriate deference to prevent an appellate court from substituting its judgment for that of the fact finder, and any evaluation should not substantially intrude upon the fact finder's role as the sole judge of the weight and credibility given to witness testimony. *Jones v. State*, 944 S.W.2d 642,

---

1. The 1995 deferred adjudication for retaliation is cause number 08–01–00424–CR. The cause number for the 2001 aggravated assault conviction is 08–01–00425–CR (F–0173656–T).

648 (Tex.Crim.App.1996). The complete and correct standard a reviewing court must follow to conduct a *Clewis* factual sufficiency review of the elements of a criminal offense, asks whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Johnson*, 23 S.W.3d at 11.

## IV.

■ In his first point of error, Appellant contends we should reform or modify the judgment to delete the $500 fine. His argument relies upon Tex.Code Crim. Proc. Ann. art. 42.03, § 1(a) (Vernon Supp.2003) which entitles Appellant to have his sentence, including the assessment of fines, pronounced in his presence. Both the State and Appellant also cite *Coffey v. State*, 979 S.W.2d 326, 328 (Tex.Crim.App. 1998). There our highest criminal court held, in the context of regular probation, an unprobated fine orally pronounced in the original plea hearing, may be included in the judgment revoking probation, notwithstanding the fine was not re-pronounced at the revocation hearing. *Id.* Both parties agree the fine was not pronounced at the revocation hearing. The State also calls our attention to Dallas authority that distinguishes *Coffey*.[2] In *Abron v. State*, 997 S.W.2d 281, 282 (Tex. App.-Dallas 1998, pet. ref'd), our sister court held in a deferred adjudication probation, the defendant was entitled to have the fine pronounced in open court. *Id.* However, the trial court there did probate the fine. *Id.* Here, the trial court in the deferred probation hearing, expressly stated that the fine assessed by the trial court was not probated. Payment of the fine was a condition of probation. Similarly, the motion to adjudicate reflects a violation of conditions because Appellant failed to pay either the court costs or the $500 fine.

Appellant also argues, and *Abron* cites *Davis v. State*, 968 S.W.2d 368, 371 (Tex. Crim.App.1998) (when an accused receives deferred adjudication, there is no sentence imposed).

■ However, in *Coffey*, our highest court expressly finds, "All of the record evidence demonstrates that a $750 fine was imposed when punishment was assessed at the original plea proceeding. Therefore, such fine was appropriately included in the judgment revoking probation." *Coffey*, 979 S.W.2d at 329. Our record specifically states in the deferred adjudication order: "FINE PROBATED: NO." We therefore believe *Abron* is distinguishable and *Coffey* is controlling. We hold that where the record affirmatively demonstrates that a fine assessed in deferred adjudication probation was not probated, there is no requirement to repeat the oral pronouncement previously given the defendant. *See id.* Appellant's first point of error is overruled.

## V.

■ In his second point of error, Appellant attacks the factual sufficiency of the court's finding of aggravated assault. Specifically, Appellant contends there is insufficient evidence to prove that Appellant was the shooter. The trial judge was authorized to convict Appellant of aggravated assault if it found beyond a reasonable doubt he intentionally or knowingly caused serious bodily injury to complainant by shooting her with a firearm. Tex. Penal

---

**2.** Counsel for both parties are commended for their professionalism in directing this Court to authority not necessarily favorable to their positions.

CODE ANN. § 22.02 (Vernon 1994). Appellant's argument is centered around the fact that Appellant took the stand and denied the allegations and that it was dark and the complainant perhaps did not see "him fire the bullet that got you in the thigh."

The complainant testified she saw Appellant point the weapon at her, that she was close to him, that the porch and street lights were on, that Appellant stared at her, and that she saw him fire the first shot—which missed. She also testified she saw Appellant clearly. Complainant's sister heard shots, ran outside, saw her sister shot and saw Appellant fleeing from the scene. On cross-examination, she testified she kind of saw the side of Appellant's face, that he was running away at some distance, and she did see his glasses. And in his own defense, Appellant testified he was at his mother's house and he did not commit the crime. He testified he was playing video games. He also denied possessing a firearm. According to Appellant, he never left the house. At the crime scene, only one spent .380 shell casing was found and there were no fingerprints or weapon found. No other witnesses testified on behalf of Appellant.

■ Appellant argues this evidence leaves more that a reasonable doubt. We disagree. Two eyewitnesses positively identified Appellant. And while the State's case was corroborated, there was no corroboration to Appellant's alibi theory. Our review must employ appropriate deference to the fact finder, and any evaluation should not substantially intrude upon the fact finder's role as the sole judge of the weight and credibility given to witness testimony. *Jones*, 944 S.W.2d at 648. This is particularly true when the testimonial evidence boils down to a "swearing match." Two say Appellant was there and he did it; Appellant says not. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.

WITTIG, J., sitting by assignment.