**Ronald Ray TAYLOR, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 11–01–00232–CR.

Court of Appeals of Texas, Eastland.

July 3, 2003.

April E. Smith, Attorney At Law, Mesquite, Matthew R. Filpi, Asst. Dist. Atty., Dallas, for appellant.

Bill Hill, District Atty., Criminal Dist. Attorney-Appellate Section, Dallas, for appellee.

Panel consists of: ARNOT, C.J., and McCALL, J., and DICKENSON, S.J.[1]

## Opinion

BOB DICKENSON, Senior Justice (Assigned).

The trial court granted the State's motion to set aside the order deferring adjudication of guilt and placing Ronald Ray Taylor on community supervision. The trial court then found that he was guilty of sexual assault and assessed his punishment at confinement for 4 years and a fine of $300. We modify and affirm.

*Issue Presented*

The only issue presented for appellate review reads in full as shown:

The judgment should be reformed to delete the fine since the trial court did not orally pronounce the fine at the time of adjudication.

*Background Facts*

The indictment charged that, on or about September 14, 1996, appellant intentionally caused the penetration of the complainant's female sexual organ by his sexual organ. Pursuant to a "Plea Bargain Agreement" which was signed, verified, and filed on September 16, 1997, appellant waived his right to a trial by jury and made a judicial confession of guilt. Appellant and his attorney appeared in court to assure the court that appellant had voluntarily waived his rights and admitted his guilt, and the trial court entered its order on that date placing appellant on community supervision for 10 years and assessing a fine of $300. The fine was not probated.

The State's first motion to adjudicate was filed on March 25, 1998. That motion was amended on February 5, 1999. The amended motion was not served until August 8, 2000. Appellant entered a plea of "true" to the allegations that he violated the conditions of community supervision. The trial court did not grant the motion to revoke, but it amended the conditions in order to require intensive supervision.

The State's second motion to adjudicate was filed on October 9, 2000. The State later withdrew that motion, and appellant was released from jail.

The State's third motion to adjudicate was filed on February 29, 2001. The mo-

---

1. *Bob Dickenson, Retired Justice, Court of Appeals, 11th District of Texas at Eastland* sitting by assignment.

tion was not served until May 21, 2001. Appellant entered a plea of "true" to the allegations that he violated the conditions of community supervision. The court's judgment is dated June 1, 2001, and it provides:

It is therefore ordered, adjudged and decreed by the Court that the order deferring adjudication of guilt, and placing defendant on community supervision heretofore entered in this cause be, and the same is hereby *set aside and of no further force and effect.*

It is therefore considered and adjudged by the Court, that the said defendant is guilty...and that defendant be punished by confinement [for 4 years].

\* \* \*

It is further ordered that Defendant pay the fine [of $300]. (Emphasis added)

### The Adjudication Hearing

The reporter's record for this hearing shows that appellant had discussed the State's motion to adjudicate with his attorney, that he understood the allegations in the motion, and that he understood that if the court found that any of those allegations were "true" that the court could adjudicate his guilt and sentence him to "anywhere from 2 to 20 years in the penitentiary." The record shows that appellant was "entering a plea of true" and asking the court to determine what his punishment should be.

After appellant testified in support of his request for the court to permit him to remain on community supervision, the reporter's record reads in relevant part as shown:

[DEFENSE COUNSEL]: I think if given the opportunity now that he is no longer homeless and on the streets that he can finish out his probation. And we ask that he be given that opportunity.

[PROSECUTOR]: Judge, [appellant] has had several opportunities to try to get his probation together ... and there is really nothing left for us to do but adjudicate him.

\* \* \*

THE COURT: [Appellant], the Court finds that the waiver of your rights, your pleas of true, and your judicial confessions were freely and voluntarily made.

The Court further finds that the evidence presented has shown by a preponderance of the evidence that you did violate [several conditions] of your community supervision as alleged in the motion to proceed with an adjudication of guilt.

[Appellant], you present a difficult case. And since '97, this is the third time you have been back here for various reasons.

\* \* \*

So it is the judgment of the Court that the motion is granted. Your guilt is hereby adjudicated based upon your previous plea of guilty and *the Court sentences you to a term of imprisonment for four years in the Institutional Division of the Texas Department of Criminal Justice.* (Emphasis added)

### Conflict of Authority

We will follow the holding of the Dallas Court of Appeals in *Abron v. State,* 997 S.W.2d 281, 282 (Tex.App.-Dallas 1998, pet'n ref'd):

In the context of the revocation of regular probation, the Court of Criminal Appeals recently held that an unprobated fine, orally imposed at the original plea hearing, may be included in the judgment revoking probation even

though the fine was not re-pronounced at the revocation hearing. See *Coffey v. State,* 979 S.W.2d 326, 329 (Tex.Crim. App.1998). *Where, however, an accused receives deferred adjudication, there is no sentence imposed.* See *Davis v. State,* 968 S.W.2d 368, 371 (Tex.Crim. App.1998); *Hammack v. State,* 963 S.W.2d 199, 200 (Tex.App.-Austin 1998, no pet.). The trial court's Judgment Adjudicating Guilt *expressly sets aside the underlying deferred adjudication order and declares it to be "of no further force and effect."* Accordingly, we conclude that the ultimate result of *Coffey* does not control the outcome of this case.

Appellant is entitled to have his sentence, including the assessment of any fines, pronounced in his presence. See TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (Vernon Supp.1998); *Marshall v. State,* 860 S.W.2d 142, 143 (Tex. App.-Dallas 1993, no pet.). *Where a conflict exists between the oral pronouncement and written memorialization of the sentence, the oral pronouncement controls.* See *Coffey,* at 328. The record shows the trial court did not assess a fine as part of appellant's sentence following adjudication of guilt. We have the power to modify incorrect judgments when the necessary data and information is available to do so. See TEX. R. APP. P. 43.2(b). (Emphasis added)

See also *McCoy v. State,* 81 S.W.3d 917, 919 (Tex.App.-Dallas 2002, pet'n ref'd), where the court said:

In *Abron,* the trial court adjudicated the guilt of a defendant who had previously been on deferred adjudication community supervision. *Abron,* 997 S.W.2d at 281. The trial court had assessed a $2,000 fine as a condition of community supervision but did not pro-

nounce the fine when it sentenced Abron after adjudicating his guilt. *Id.* The written judgment included the $2,000 fine. *Id.* We reasoned that, because deferring adjudication did not impose a "sentence," the fine imposed as a condition of deferred adjudication community supervision was not part of the sentence ultimately assessed against Abron. *Id.* at 282. We modified the trial court's judgment to delete the fine.

\* \* \*

We conclude *Abron*'s holding is still sound. . . . By adjudicating guilt, the trial court supplants its previous order deferring adjudication of guilt and imposing community supervision. The order adjudicating appellant's guilt in this case specifically "set aside" the order deferring adjudication. *Therefore, there was no longer a fine imposed on appellant* [and] the entire punishment range for appellant's offense was open to the trial court. This differs from the revocation of a probated sentence, where a previously announced sentence is imposed. (Emphasis added)

We expressly disagree with the holding in *Laury v. State,* 100 S.W.3d 530, 533 (Tex. App.-El Paso 2003, no pet'n), where the court said:

We therefore believe *Abron* is distinguishable and *Coffey* is controlling. We hold that where the record affirmatively demonstrates that a fine assessed in deferred adjudication probation was not probated, there is no requirement to repeat the oral pronouncement previously given the defendant.

We sustain the issue presented for appellate review, and the judgment of the trial court will be modified pursuant to TEX.R.APP.P. 43.2(b).

*This Court's Ruling*

The judgment of the trial court is modified to eliminate the requirement that appellant pay the $300 fine; as modified, the judgment is affirmed.