IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 1327-03






RONALD RAY TAYLOR, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE ELEVENTH COURT OF APPEALS


DALLAS COUNTY






 Keasler, J., delivered the opinion for a unanimous Court.


O P I N I O N 



 The order deferring adjudication of Ronald Taylor's guilt contained a fine of $300,
which the judge orally pronounced at that time. Later, when Taylor's guilt was adjudicated, the
judge did not orally pronounce a fine but included the $300 fine within the written judgment. 
While this action would be permissible in a case involving regular probation, we conclude that
the fine must be deleted in this case because of the unique circumstances of deferred
adjudication.

Facts and Procedural History


 Taylor was charged with sexual assault. After a jury was selected, he pleaded guilty
pursuant to a plea agreement for 10 years' deferred adjudication probation and a fine of $300.
The judge told Taylor that the fine needed "to be paid as a term and condition of probation." 
He also told Taylor that if Taylor violated any condition of probation, the judge could
adjudicate his guilt and set his punishment "somewhere within the range provided by law of two
years in prison up to 20 years in prison and a fine of up to $10,000." 

 The trial judge then entered a "Deferred Adjudication Order" which detailed the terms
of the plea bargain as "10 yrs probation fine $300.00." The order stated the "period of
supervision" as "10 years - and a fine of $300.00." The order further stated, "Fine probated:
No." The order's form language stated that the interest of society and Taylor would best be
served by "deferring further proceedings without entering an adjudication of guilt." It ordered
that Taylor be placed on community supervision and "further ordered" that Taylor "pay the fine
assessed, if any, unless payment of the fine has been probated." The conditions of probation
accompanying the order instructed Taylor to "pay a fine in the amount of $300.00 through the
community supervision officer of this court at the rate of $20.00 per month."

 As Taylor's probation progressed, the State twice moved to adjudicate, but the judge
continued Taylor on probation. The State's third motion to adjudicate alleged, among other
things, that Taylor had not paid his fine. Taylor entered an open plea of true to the allegations,
admitting that he failed to pay the fine. At the hearing, the judge was "concern[ed]" that it was
Taylor's "third time . . . back here." The judge concluded that Taylor was "not the best
candidate for community supervision" and granted the State's motion. He adjudicated Taylor's
guilt and sentenced him to four years in prison. 

 The judgment adjudicating guilt sentenced Taylor to four years confinement and a fine
of $300.00. It stated that "the order deferring adjudication of guilt, and placing defendant on
community supervision heretofore entered in this case be, and the same is hereby set aside and
of no further force and effect." 

 Taylor filed a motion for new trial which the judge overruled. He then appealed, arguing
that the judgment should be reformed to delete the fine since the trial judge did not orally
pronounce the fine at the time of adjudication. The Court of Appeals agreed. (1) It recognized
that a conflict exists among the courts of appeals on this issue and opted to follow Abron v.
State, (2) expressly disagreeing with Laury v. State. (3) The court concluded that the fine was
improperly imposed and modified Taylor's judgment to delete the fine. (4)

 We granted the State's petition for discretionary review which asks whether a non-probated fine, assessed when the defendant is placed on deferred adjudication probation, may 
be included in the judgment adjudicating guilt even though the fine was not re-pronounced at
the adjudication hearing.

Analysis


 This case brings us to the intersection of two bodies of law: our deferred adjudication
law and our law regarding the pronouncement of sentence. We begin with deferred
adjudication.

Deferred Adjudication


 Deferred adjudication is one of many options available to trial courts in criminal cases. 
When applicable, the judge may "defer further proceedings without entering an adjudication
of guilt, and place the defendant on community supervision." (5) The judge "may impose a fine
applicable to the offense." (6) If the defendant violates a condition of community supervision,
the court may proceed to adjudicate guilt and assess punishment. (7) 

 We have noted that "the true objective" of deferred adjudication "is to divert the accused
from the gauntlet run of the criminal justice system" and to allow the judge to "enter into a
clearly understood pact with the accused that will induce and persuade him to follow the
diversionary road." (8) During that time, there is no finding of guilt (9) and no final conviction. (10) 
Instead, the judge makes a finding that the evidence "substantiates the defendant's guilt" and
then defers the adjudication. (11) The case is "temporarily stilled and the accused . . . [is]
permitted an opportunity to demonstrate his capacity for prescribed good behavior during a
specified period." (12) If the defendant succeeds, the case, for most purposes, "disappears." (13) If
he fails, the case continues on as if it had never been interrupted. 

 A defendant obviously "reaps the main benefit of deferred adjudication if the period of
community supervision is successfully completed without the judge's proceeding to adjudicate
guilt." (14) In those circumstances, the proceedings are dismissed, the defendant is discharged,
and the defendant is deemed not to have a conviction for many purposes. (15) 

Pronouncement of Sentence


 A defendant's sentence must be pronounced orally in his presence. (16) The judgment,
including the sentence assessed, is just the written declaration and embodiment of that oral
pronouncement. (17) When there is a conflict between the oral pronouncement of sentence and
the sentence in the written judgment, the oral pronouncement controls. (18) 

 In Coffey v. State, (19) we addressed a situation similar to the one in this case. There, the
order placing the defendant on probation contained a non-probated fine of $750. When the
defendant's probation was revoked, the court's judgment also contained the fine, although it
had not been re-pronounced at the revocation hearing. We held this to be proper because the
fine "was imposed when punishment was assessed at the original plea proceeding. Therefore,
such fine was appropriately included in the judgment revoking probation." (20) 

 But there is one crucial difference between Coffey and this case - Coffey involved
regular probation and this case involves deferred adjudication probation.

The intersection


 As the Court of Appeals recognized, Texas courts of appeals are split on whether Coffey
applies to deferred adjudication. In Abron v. State, the Dallas Court of Appeals faced similar
facts and concluded that Coffey did not apply. (21) There, the order deferring adjudication
assessed a $2,000 fine as a condition of community supervision. When the judge later
adjudicated the defendant's guilt, he did not orally pronounce the fine but did include the fine
in the written judgment. The defendant argued that the judge had violated Art. 42.03 by
imposing a fine as part of the sentence without orally pronouncing that part of the sentence in
the defendant's presence.

 The appellate court began by noting that, in the context of regular probation, Coffey held
that an unprobated fine orally imposed at the original plea hearing survives revocation even if
not later re-pronounced. (22) But the court then acknowledged that when an accused receives
deferred adjudication, no sentence is imposed. (23) When guilt was adjudicated in that case, the
judgment stated that it "sets aside the underlying deferred adjudication order and declares it
to be 'of no further force and effect.'" As a result, the court concluded that Coffey did not
control a case in which adjudication is deferred. (24) It held that the defendant was entitled to
have his sentence pronounced orally in his presence, and the oral pronouncement controls
when there is a conflict between it and the written judgment. (25) Since the trial court had not
assessed the fine as part of the defendant's sentence after guilt was adjudicated, the appellate
court deleted it. (26)

 The Dallas Court of Appeals elaborated in McCoy v. State. (27) There, the court faced
similar facts, except that in McCoy, the fine was expressly not probated. The State contended
there, as it does here, that this fact made the case more like Coffey than Abron. The court of
appeals disagreed. (28) The court pointed out that, whether the fine was probated or not, "[a]fter
an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement
of sentence . . . continue as if the adjudication of guilt had not been deferred. Thus, once a trial
court adjudicates a defendant's guilt after previously deferring adjudication, the entire range
of punishment is open to the court." (29) Since the order adjudicating guilt "sets aside" the order
deferring adjudication, there is no longer a fine imposed on the defendant. The court
concluded that "[t]his differs from the revocation of a probated sentence, where a previously
announced sentence is imposed by the trial court; any fine assessed at the time the sentence
was probated need not be re-pronounced." (30)

 In contrast is Laury v. State. (31) There, the El Paso Court of Appeals faced similar facts,
again with an expressly non-probated fine. That court concluded, however, that the fact that the
fine was not probated distinguished the case from Abron and rendered it more similar to
Coffey. (32) The court therefore decided that the fine was still valid even though not re-imposed
when guilt was adjudicated. (33) The court did not discuss the differences between deferred
adjudication and regular probation. 

 We agree with the Court of Appeals and conclude that the Laury court misses a critical
distinction between deferred adjudication and regular probation. As the court acknowledges,
when an accused receives deferred adjudication, no sentence is imposed. Then, when guilt is
adjudicated, the order adjudicating guilt sets aside the order deferring adjudication, including
the previously imposed fine. This is in stark contrast to regular probation, where the sentence
is imposed but suspended when probation is granted. It is true that there are some similarities,
in the appellate context, between regular probation and deferred adjudication probation. (34) 
Nevertheless, as we recently recognized in Donovan v. State, (35) "[t]he fact that deferred
adjudication defendants are given the same right to appeal does not mean that they are treated
the same as regular probation defendants in other respects." (36) 

 In this case, the order granting Taylor deferred adjudication was set aside. Taylor was
not sentenced until his guilt was adjudicated. At that time, the judge did not orally pronounce
a fine, but included a fine within the written judgment. When there is a conflict between the
two, the oral pronouncement controls. (37) Since the judge did not orally assess a fine as part of
Taylor's sentence when guilt was adjudicated, the Court of Appeals was correct to delete the
fine from the judgment.

Conclusion


 We affirm the judgment of the Court of Appeals.

 

DATE DELIVERED: April 7, 2004

PUBLISH
1. Taylor v. State, 109 S.W.3d 844 (Tex. App. - Eastland 2003).
2. 997 S.W.2d 281 (Tex. App. - Dallas 1998, pet. ref'd).
3. 100 S.W.3d 530 (Tex. App. - El Paso 2003, no pet.).
4. Taylor, 109 S.W.3d at 847-48.
5. Tex. Code Crim. Proc. Art. 42.12, § 5(a).
6. Id.
7. Id. at § 5(b).
8. Ex parte Hernandez, 705 S.W.2d 700, 702 (Tex. Crim. App. 1986) (quoting
McIntyre v. State, 587 S.W.2d 413, 417 (Tex. Crim. App. 1979)).
9. Id.; Donovan v. State, 68 S.W.3d 633, 636 (Tex. Crim. App. 2002)
10. Jordan v. State, 36 S.W.3d 871, 876 (Tex. Crim. App. 2001); McNew v. State, 608
S.W.2d 166, 172 (Tex. Crim. App. 1978).
11. Donovan v. State, 68 S.W.3d at 636.
12. Hernandez, 705 S.W.2d at 702.
13. Id. But see Art. 42.12, § 5(c)(1) (successfully completed deferred adjudication
admissible at punishment phase of subsequent conviction); Tex. Penal Code § 12.42(g)
(successfully completed deferred adjudication available for enhancement of punishment in
certain circumstances). 
14. Davis v. State, 968 S.W.2d 368, 369-70 (Tex. Crim. App. 1998).
15. Id. But see footnote 10.
16. Art. 42.03, § 1(a); Ex parte Madding, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002).
17. Art. 42.01, § 1; Madding, 70 S.W.3d at 135.
18. Thompson v. State, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003); Madding, 70
S.W.3d at 135; Coffey v. State, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998).
19. 979 S.W.2d at 328-29.
20. Id. at 329.
21. 997 S.W.2d at 282.
22. Id.
23. Id.
24. Id.
25. Id.
26. Id.
27. 81 S.W.3d 917 (Tex. App. - Dallas 2002, pet. ref'd).
28. Id. at 919.
29. Id. (internal citations and italics omitted).
30. Id.
31. 100 S.W.3d at 533.
32. Id.
33. Id.
34. See, e.g., Watson v. State, 924 S.W.2d 711 (Tex. Crim. App. 1996); Vidaurri v.
State, 49 S.W.3d 880 (Tex. Crim. App. 2001).
35. 68 S.W.3d at 636-37.
36. Id.
37. Thompson, 108 S.W.3d at 290; Madding, 70 S.W.3d at 135; Coffey, 979 S.W.2d at
328.