IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,850







EX PARTE KEVIN LEO LAURY Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W94-44471-T(A) IN THE 283RD DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of retaliation and
sentenced to ten years' imprisonment. The Eighth Court of Appeals affirmed his conviction. Laury
v. State, 100 S.W.3d 530 (Tex. App. - El Paso, 2003, no pet.)

 Applicant contends that his judgment incorrectly reflects that a $500 fine was assessed. The
trial court found that a fine was imposed when Applicant was initially placed on deferred
adjudication community supervision, but the trial court did not verbally indicate that a fine would
be imposed when he assessed punishment after Applicant's community supervision was
subsequently revoked. The judgment reflects that a $500 fine was assessed. Applicant is entitled
to relief. Taylor v. State, 131 S.W.3d 530 (Tex. Crim. App. 2004).

 Relief is granted. The judgment in Cause No. W94-44471-T in the 283rd Judicial District
Court of Dallas County is reformed to delete reference to a fine being imposed.


Delivered: February 27, 2008

Do Not Publish