

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-75,850

### EX PARTE KEVIN LEO LAURY Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W94-44471-T(A) IN THE 283RD DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of retaliation and sentenced to ten years' imprisonment. The Eighth Court of Appeals affirmed his conviction. *Laury v. State*, 100 S.W.3d 530 (Tex. App. - El Paso, 2003, no pet.)

Applicant contends that his judgment incorrectly reflects that a $500 fine was assessed. The trial court found that a fine was imposed when Applicant was initially placed on deferred

adjudication community supervision, but the trial court did not verbally indicate that a fine would be imposed when he assessed punishment after Applicant's community supervision was subsequently revoked. The judgment reflects that a $500 fine was assessed. Applicant is entitled to relief. *Taylor v. State*, 131 S.W.3d 530 (Tex. Crim. App. 2004).

Relief is granted. The judgment in Cause No. W94-44471-T in the 283rd Judicial District Court of Dallas County is reformed to delete reference to a fine being imposed.

Delivered: February 27, 2008
Do Not Publish