

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ROBERTO ERNESTO JIMENEZ, | § | No. 08-21-00079-CR |
| Appellant, | § | Appeal from the |
| v. | § | 25th Judicial District Court |
| THE STATE OF TEXAS, | § | of Guadalupe County, Texas |
| Appellee. | § | (TC# 17-1153-CR-C) |

## **MEMORANDUM OPINION**

Appellant Roberto Ernesto Jimenez was placed on deferred-adjudication community supervision for possession of a controlled substance. The State subsequently moved to adjudicate Appellant's guilt. Following a hearing on the motion, the trial court adjudicated Appellant guilty and imposed punishment of one-year imprisonment in a state jail facility and a $500 fine. The court further ordered Appellant to pay court costs of $1,972 which included $1,800 in court-appointed attorney's fees. Appellant now challenges the imposition of the fine and attorney's fees. For the following reasons, we modify the court's judgment and affirm the judgment as modified.[1]

---

[1] This case was transferred from our sister court in San Antonio, and we decide it in accordance with the precedent of that court to the extent required by TEX.R.APP.P. 41.3.

# I. BACKGROUND

The State charged Appellant with one count of possession of a controlled substance in penalty group one: cocaine, in an amount of less than one gram. Appellant filed an affidavit of indigency, following which the trial court appointed an attorney to represent him. Under a plea agreement, Appellant admitted to the charged offense, and the trial court placed him on deferred-adjudication community supervision for three years and imposed a $500 fine. As part of the plea agreement, Appellant also agreed to pay $600 of court-appointed attorney's fees. He did not file a direct appeal challenging the imposition of those fees.

The State later moved to adjudicate Appellant's guilt, alleging that Appellant had violated several terms of his community supervision. In response to a second affidavit of indigency, the court again appointed an attorney to represent Appellant on the State's motion to revoke. The State withdrew the motion to adjudicate guilt after the court extended Appellant's community supervision by one year and ordered that he pay additional appointed attorney's fees of $600.

The State subsequently filed a second motion to adjudicate Appellant's guilt, alleging that he had committed additional violations of the terms of his community supervision. The court again appointed an attorney to represent Appellant. Following a hearing on the State's motion to adjudicate, the trial court found that Appellant had violated the terms of his community supervision, revoked Appellant's community supervision, adjudicated him guilty, and sentenced him to one-year imprisonment in the Texas Department of Criminal Justice's State Jail Division. The court's written judgment also specified that Appellant was to pay a $500 fine, but the court did not orally pronounce the imposition of the fine during the hearing. The court also ordered Appellant to pay a total of $1,972 of court costs, which included $1,800 of court-appointed attorney's fees.

# II. DISCUSSION

2

In Issue One, Appellant challenges the trial court's imposition of the $500 fine, arguing that the fine cannot be imposed because the court failed to orally pronounce the fine during sentencing. In Issue Two, Appellant argues that the evidence cannot support the imposition of $1,800 of court-appointed attorney's fees. We consider each issue in turn.

## A. The Fine Must be Deleted from the Judgment

In support of his contention that the fine should be deleted from the judgment, Appellant directs our attention to the Texas Court of Criminal Appeals' holding in *Taylor v. State*, 131 S.W.3d 497, 502 (Tex.Crim.App. 2004). In that case, the trial court placed the defendant on deferred-adjudication community supervision and orally imposed a fine. *Id*. at 498. The court later set aside its deferred-adjudication order, adjudicated the defendant guilty, and included in the court's written judgment the imposition of a term of imprisonment and the fine. But the court did not orally pronounce the fine at the time of adjudication. *Id*. at 499. The Eastland Court of Appeals modified the judgment by deleting the fine, and the State challenged the Eastland court's action. *See Taylor v. State*, 109 S.W.3d 844, 847-48 (Tex.App.--Eastland 2003), *aff'd*, 131 S.W.3d 497 (Tex.Crim.App. 2004).

The Texas Court of Criminal Appeals affirmed the Eastland court's action, recognizing that although a trial court need not orally pronounce a fine in a case involving regular community supervision, the "unique circumstances" of deferred adjudication dictated otherwise. *Taylor*, 131 S.W.3d at 498. For a deferred adjudication, the court must set aside its order imposing deferred adjudication and the previously imposed fine, and then orally pronounce any fine when the defendant is adjudicated guilty. *Id*. at 502. The court further reasoned that when a defendant is placed on deferred-adjudication community supervision and there is a conflict between the trial court's written judgment and the oral pronouncement of sentence, the oral pronouncement controls. *Id*. As a result, the court held that because the trial court did not orally pronounce the

3

fine as part of the defendant's sentence when he was adjudicated guilty and the court imposed the sentence, the fine was correctly deleted from the judgment. *Id.*

We face a practically identical situation in this case. The trial court orally imposed a $500 fine when it first placed Appellant on deferred-adjudication community supervision, and the fine was included in the court's order placing Appellant on community supervision. When the court later adjudicated Appellant guilty, it included the fine in its written judgment, but the court did not orally pronounce the fine when it sentenced him. Acknowledging the *Taylor* decision, the State concedes that the fine should be deleted.

We sustain Appellant's Issue One and delete the fine from the judgment.

## B. The Trial Court Erred by Imposing a Portion of the Attorney's Fees

We next address Appellant's claim that there is insufficient evidence to support the trial court's imposition of $1,800 of court-appointed attorney's fees. This $1,800 total appears to be the sum of three separate $600 attorney's fee components from when: (1) Appellant was first charged, entered his plea, and was placed on deferred-adjudication community supervision; (2) the State filed its first motion to adjudicate Appellant's guilt, which resulted in Appellant's community supervision being extended and modified; and (3) the State filed its second motion to adjudicate Appellant's guilt, which resulted in Appellant's adjudication and the revocation of his community supervision. Because we reach different conclusions about the separate portions of the attorney's fees, we address each portion separately.

### 1. *Standard of review and applicable law*

When applicable, TEX.CODE CRIM.PROC.ANN. art. 1.051(c) and (d), require the appointment of counsel for an indigent defendant. Following a conviction, a defendant may have to repay the cost of appointed counsel, but only as provided by TEX.CODE CRIM.PROC.ANN. art. 26.05(g):

4

> If the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided to the defendant in accordance with Article 1.051(c) or (d), including any expenses and costs, the judge shall order the defendant to pay during the pendency of the charges or, if convicted, as a reimbursement fee the amount that the judge finds the defendant is able to pay. The defendant may not be ordered to pay an amount that exceeds . . . the actual costs, including any expenses and costs, paid by the county for the legal services provided by an appointed attorney.

Once a defendant has been found to be indigent, he is presumed indigent for the remainder of the proceedings unless there is a showing of a material change in his financial circumstances. *Id.* art. 26.04(p).

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex.Crim.App. 2011). In conducting a sufficiency review, we read the record in the light most favorable to the award. *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex.Crim.App. 2010).

### 2. *Appellant waived his claim over the first $600 portion of attorney's fees*

As for the first portion of the attorney's fees, the State argues that Appellant waived any complaint by failing to challenge this portion of the fees in a direct appeal from the trial court's order placing him on community supervision. The court of criminal appeals has held that a defendant procedurally defaults a challenge to assessed attorney's fees if the defendant is aware of the amount of the attorney's fees and does not timely challenge it. *Riles v. State*, 452 S.W.3d 333, 337-38 (Tex.Crim.App. 2015). So, if a defendant fails to file a notice of appeal within thirty days of being placed on deferred-adjudication community supervision, an appeal raising issues about the propriety of court costs after final adjudication is not timely for the court costs assessed in the order of deferred adjudication. *See id.*; *see also Perez v. State*, 424 S.W.3d 81, 85 (Tex.Crim.App. 2014).

When Appellant entered his plea and was placed on deferred-adjudication community

supervision, he agreed as a condition of his community supervision to pay all court costs, including "any fees paid to a court-appointed attorney in this proceeding." And in its order placing Appellant on community supervision, the trial court assessed court-appointed attorney's fees of $600. As such, Appellant knew that he had to pay $600 of attorney's fees at the time of his original plea, but he did not file a direct appeal challenging the imposition of those fees within thirty days of being placed on community supervision. We conclude that Appellant has procedurally defaulted on his challenge to this portion of the attorney's fees, and this part of his claim is waived. *See Riles*, 452 S.W.3d at 337-38; *Perez*, 424 S.W.3d at 85.

This part of Appellant's Issue Two is overruled.

### 3. *Appellant expressly waived any complaint about the second $600*

As to the second $600 portion of the attorney's fees, the State argues that Appellant waived his complaint over this portion of the fees when he expressly agreed in writing to pay the fees when the trial court modified and extended his community supervision. To resolve that argument, we first address whether Appellant was able to waive this right. The Texas Court of Criminal Appeals has identified three categories of rights, also known as category-one, -two, and -three *Marin* rights:

- The first category of rights are those that are "widely considered so fundamental to the proper functioning of our adjudicatory process . . . that they cannot be forfeited . . . by inaction alone." These are considered "absolute rights."

- The second category of rights is comprised of rights that are "not forfeitable"--they cannot be surrendered by mere inaction, but are "waivable" if the waiver is affirmatively, plainly, freely, and intelligently made. The trial judge has an independent duty to implement these rights absent any request unless there is an effective express waiver.

6

- Finally, the third category of rights are "forfeitable" and must be requested by the litigant. Many rights of the criminal defendant, including some constitutional rights, are in this category and can be forfeited by inaction.

*Garza v. State*, 435 S.W.3d 258, 260 (Tex.Crim.App. 2014), *citing Marin v. State*, 851 S.W.2d 275, 278-80 (Tex.Crim.App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex.Crim.App. 1997) (internal citations omitted). As stated above, article 26.05(g) requires a defendant to reimburse the government for court-appointed attorney's fees if a trial court finds that a defendant has the financial resources to offset them. TEX.CODE CRIM.PROC.ANN. art. 26.05(g). And article 26.04(p) states that a defendant found indigent is presumed to remain indigent unless there is proof that there has been a material change in the defendant's financial circumstances. *Id.* art. 26.04(p). Courts have strictly construed the requirement of showing that there is a material change in a defendant's financial circumstances before the presumption of continued indigency can be rebutted. *E.g.*, *Cates v. State*, 402 S.W.3d 250, 252 (Tex.Crim.App. 2013). A complaint about the sufficiency of evidence to support a finding of a defendant's ability to pay is not waived by a failure to raise that complaint at trial. *See Mayer*, 309 S.W.3d at 556. These principles point to a defendant's protection under article 26.05(g) as rights that cannot be waived by inaction, that is, they are not category-three *Marin* rights.

Less clear, however, is whether a defendant can voluntarily waive the requirement of evidence of a material change in Appellant's financial circumstances under article 26.04(p). The State argues that articles 26.05(g) and 26.04(p) are statutory restraints on the trial court that constitute waivable rights. We agree. There are many rights, including those established by statute and those of constitutional dimension, that are waivable by the defendant during the plea-bargaining process, such as the right to a jury trial, the right to be punished only after the trial court considers the full range of punishment, and the right to at least ten days' preparation for a jury

7

trial. *See, e.g.*, *Grado v. State*, 445 S.W.3d 736, 741 (Tex.Crim.App. 2014) (recognizing that the due-process right to be sentenced only after the trial judge considers the full range of punishment is waivable); *Marin*, 851 S.W.2d at 280 (recognizing that a defendant's statutory right to ten days' preparation for a jury trial is waivable). We see no reason why the statutory protections in articles 26.05(g) and 26.04(p) are any different, and we conclude that these rights constitute category-two *Marin* rights waivable by a defendant in this scenario.

Here, the forfeiture is not from inaction, but rather from Appellant's waiver of his rights through an express agreement to pay additional attorney's fees to avoid being adjudicated guilty. After the State filed its first motion to adjudicate Appellant's guilt and he was arrested under a capias, Appellant signed both a waiver of a hearing on a new condition of community supervision and an order amending his community supervision. The order amending community supervision stated, among other things, that his community supervision would be "modified and amended by adding the following conditions," which included paying "*additional* appointed attorney[']s fees of $600 assessed in this cause." (emphasis added). Presumably in return for this arrangement, the State filed a withdrawal of its motion to adjudicate Appellant's guilt on the same day.

Although the record lacks explicit evidence to support a change in Appellant's financial circumstances that would rebut the presumption of his continued indigency under article 26.04(p), we find that Appellant waived article 26.04(p)'s requirements when he expressly agreed to pay additional attorney's fees in return for receiving the benefit of the State's withdrawal of its motion to adjudicate. For these reasons, Appellant has waived his claim over the second portion of the attorney's fees.

This part of Appellant's Issue Two is overruled.

*4. The trial court erred by imposing the third $600 portion of attorney's fees*

Finally, the trial court imposed the third $600 portion of attorney's fees following the

8

contested hearing that resulted in Appellant's revocation and adjudication. The record contains no evidence that there had been a material change in Appellant's financial circumstances after the trial court's finding of Appellant's indigency. Neither does it contain any evidence that, as was the case of the second portion of attorney's fees, Appellant waived the protections set forth in articles 26.05(g) and 26.04(p). The State concedes that this portion of attorney's fees should be deleted. Because there is no evidence that Appellant's financial circumstances had materially changed when the trial court ordered Appellant to pay this portion of attorney's fees, we conclude that the trial court erred by doing so. *See* TEX.CODE CRIM.PROC.ANN. art. 26.04(p); *Mayer*, 309 S.W.3d at 553.

This part of Appellant's Issue Two is sustained.

## III. CONCLUSION

We modify the trial court's judgment to delete both the imposition of the $500 fine and $600 of the total $1,800 in court-appointed attorney's fees (thus changing the total of attorney's fees found in the court costs to $1,200), and we affirm the judgment as modified.


JEFF ALLEY, Justice

July 20, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)

9