

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00383-CR

---

VICTOR HERNANDEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 415th District Court
Parker County, Texas
Trial Court No. CR19-0819, Honorable Craig Towson, Presiding

---

April 28, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Pursuant to a plea agreement, Appellant, Victor Hernandez, was placed on deferred adjudication community supervision for ten years for aggravated sexual assault of a child under the age of fourteen.[1]  Approximately three years later, the State moved to proceed with adjudication for multiple violations of the conditions of his community supervision.  Appellant pleaded true to the allegations without an agreement on

---

[1] TEX. PENAL CODE ANN. § 22.021.

punishment.  Following a hearing on the State's motion, the trial court found the allegations to be true, adjudicated Appellant guilty of the original offense, sentenced him to confinement for twenty-five years, and assessed a $1,000 fine.  By four issues, Appellant contends (1) the trial court abused its discretion in failing to fully consider mitigation evidence during sentencing; (2) the fine should be deleted from the judgment; (3) the time payment fee was prematurely assessed and should be deleted; and (4) the *Bill of Cost* should be reformed to remove assessed costs which are not payable until his release from confinement which requires the trial court to recall the *Order to Withdraw Funds*.[2]  We affirm as modified.

## BACKGROUND

Appellant met the victim of the original offense through his cousin.  At that time, he was sixteen and she was twelve.  The victim testified Appellant sexually assaulted her while she was at a sleepover with friends, and it was not an isolated incident.

### ISSUE ONE—ABUSE OF DISCRETION IN FAILING TO CONSIDER MITIGATING EVIDENCE

Appellant does not challenge the trial court's revocation; rather, he argues he presented evidence showing a compelling reason for modifying or continuing his community supervision instead of imprisonment and the trial court's imposition of a prison sentence was an abuse of discretion.  We disagree.

---

[2] Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Second Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court.  TEX. R. APP. P. 41.3.

2

A trial court has wide latitude to determine the appropriate sentence in a given case and we cannot substitute our judgment without a clear abuse of discretion. *Tapia v. State*, 462 S.W.3d 29, 46 (Tex. Crim. App. 2015); *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Generally, a trial court does not abuse its discretion if the sentence is within the proper range of punishment. *Jackson*, 680 S.W.2d at 814.

During the adjudication hearing, Appellant testified he is a changed man compared to when he was placed on deferred adjudication. He testified he has a year of sobriety from drugs and alcohol and has familial support. He has steady income to support infant twin sons and their mother. He attributed his inability to comply with the conditions of community supervision to his youth but testified he has since matured and has become responsible. He also testified he was stabbed while on community supervision and was confined to his home during recovery. He excused his numerous failures to report and other violations due to having to work. He blamed his financial struggles for his inability to pay fees.

During cross-examination, Appellant characterized the victim as "somewhat" a liar regarding the frequency of their sexual encounters. He described her version of events as half-truths. During redirect examination, he pleaded to be continued on community supervision because he had really changed. He testified he would do anything to avoid incarceration so he could care for his family.

The State's witnesses, which included the victim and her father, testified about the difficulties the victim encountered after being sexually assaulted. She experienced health

issues, including panic attacks and anxiety. She began acting out in school and her father eventually withdrew her from school and she was homeschooled.

The victim recounted in great detail the initial sexual assault. She was twelve years old and it was her first sexual encounter. She experienced bleeding and did not know what to think of the incident. She and Appellant continued communicating via Snapchat and had other sexual encounters. She testified that before the incident, she was an A and B student and very involved in athletics. Afterward, she began getting into trouble and at one point, ran away from home. She sought treatment from three counselors. She was unable to trust males. She testified Appellant's parents physically threatened her with retaliation and she felt unsafe.

The trial court considered a presentence investigation report and exhibits admitted into evidence. It heard testimony from State's witnesses who recounted the trauma of the sexual assault. Defense witnesses offered mitigation testimony but minimized the offense and the trauma inflicted on the victim. There is nothing in the record to show the trial court did not consider the mitigating evidence offered by Appellant. We conclude the trial court did not abuse its discretion in sentencing Appellant to a twenty-five-year sentence which falls on the lower range of punishment for first degree aggravated sexual assault of a child. *See generally Neeley v. State*, Nos. 02-14-00213-CR, 02-14-00214-CR, 02-14-00215-CR, 2015 Tex. App. LEXIS 7149, at *12 n.14 (Tex. App.—Fort Worth July 9, 2015, no pet.) (mem. op., not designated for publication) (finding twenty-five-year sentence for burglary on the lower end of punishment for first degree felony not excessive despite mitigating evidence). Issue one is overruled.

4

**ISSUE TWO—FAILURE TO ORALLY PRONOUNCE FINE AT ADJUDICATION HEARING**

Appellant maintains the trial court failed to orally pronounce the $1,000 fine and requests it be deleted from the judgment and the *Bill of Cost*. The State argues the trial court's pronouncement was sufficient to comply with due process. We do not reach the merits of Appellant's issue because he failed to preserve it for review.

When an accused is placed on deferred adjudication, no sentence is imposed. *Davis v. State*, 968 S.W.2d 368, 371 (Tex. Crim. App. 1998). If the trial court later adjudicates guilt, the order doing so sets aside the order of deferred adjudication, including any previously assessed fine. *Taylor v. State*, 131 S.W.3d 497, 501–02 (Tex. Crim. App. 2004).

In 2020, when Appellant was placed on deferred adjudication community supervision, the *Order of Deferred Adjudication* included a $1,000 fine. During sentencing at the adjudication hearing, the trial court made the following pronouncement:

> the Court is going to find the allegations true and is now going to find you guilty of the underlying offense, sentence you to 25 years at TDC plus *a carry forward of all the previously assessed but unpaid monetary obligations.*

(Emphasis added).

Appellant maintains the trial court's announcement does not satisfy the requirement to orally pronounce a specific fine. A fine is punitive and is intended to be part of a convicted defendant's sentence. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). Thus, a fine must be contained in the trial court's pronouncement of

5

sentence to be included in a judgment. *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009).

Generally, a defendant may not assert error pertaining to a sentencing issue without objecting when sentence is pronounced or otherwise raising the error in the trial court. *Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013); TEX. R. APP. P. 33.1(a). The preservation requirement assumes the defendant had an opportunity to raise an objection at the earliest time. *Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999). Because imposition of a fine involves a sentencing issue, a complaint about the fine is not exempt from procedural default.

In the underlying case, after the trial court imposed sentence and assessed any "unpaid monetary obligations," the trial court asked counsel for the State and defense counsel "[a]nything else . . . ?" Defense counsel answered, "[n]othing, Judge." No complaint was made about the trial court's failure to pronounce an exact dollar amount for the fine and Appellant did not file a motion for new trial.[3] The trial court offered Appellant an opportunity to object to the manner in which the fine was pronounced but he failed to do so. Thus, he has not preserved his complaint for appellate review. Issue two is overruled.

ISSUE THREE—TIME PAYMENT FEE

Appellant maintains a time payment fee of $15.00 was prematurely included in the *Bill of Cost*. The State agrees. *See Dulin v. State*, 620 S.W.3d 129, 130 (Tex. Crim. App.

---

[3] *Cf. Mayo v. State*, 690 S.W.3d 103, 107 (Tex. App.—Amarillo 2024, pet. ref'd) (noting preservation via a motion for new trial is proper when the trial court does not provide the defendant an opportunity to object after sentence is imposed).

6

2021) (holding an appeal "stops the clock for purposes of the time payment fee"); *Jones v. State*, No. 02-21-00214-CR, 2023 Tex. App. LEXIS 2565, at *8–9 (Tex. App.—Fort Worth April 20, 2023, no pet.) (mem. op., not designated for publication). Issue three is sustained.

**ISSUE FOUR—BILL OF COST AND ORDER TO WITHDRAW FUNDS**

Appellant asserts assessed costs should be deleted from the *Bill of Cost* because they are not payable until his release from confinement. He also urges the trial court should recall its *Order to Withdraw Funds* entered pursuant to section 501.014(e) of the Texas Government Code. We disagree.

Statutorily mandated court costs are compensatory and non-punitive. *Armstrong*, 340 S.W.3d at 767. They are collectible via an order to withdraw funds regardless of a defendant's ability to pay or his confinement. *Gates v. State*, No. 02-23-00004-CR, 2024 Tex. App. LEXIS 1014, at *7 (Tex. App.—Fort Worth Feb. 8, 2024, no pet.) (mem. op., not designated for publication) (noting a withdrawal order permits payment in specified portions from an inmate account until his release and thereafter under article 42.15(a-1)).

The costs reflected in the *Bill of Cost*, except for the erroneously included time payment fee, were properly assessed and are collectible. Likewise, the *Order to Withdraw Funds* assessing $1,420.00 in costs, fees, and fines, minus the $15.00 time payment fee was properly entered pursuant to section 501.014(e) of the Government Code. Except for the time payment fee, we find no legal basis to delete other assessments from the *Bill of Cost* or direct the trial court to recall the *Order to Withdraw*

7

*Funds.*  Issue four is sustained in part as to removal of the time payment fee but otherwise is overruled.

## REFORMATION OF DOCUMENTS

The trial court's *Judgment Adjudicating Guilt*, *Bill of Cost*, and *Order to Withdraw Funds* are modified to delete the $15.00 time payment fee.

The trial court clerk is directed to enter an amended bill of cost and amended withdrawal order in accordance with this opinion.  A copy of the amended bill of cost and withdrawal order shall be provided to the Texas Department of Criminal Justice and to Appellant.

## CONCLUSION

In all other respects, the trial court's *Judgment Adjudicating Guilt* is affirmed.

Alex Yarbrough
Justice

Do not publish.